# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cr-221-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ROBERT LESLIE STENCIL,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence." (Doc. No. 554). Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). A prisoner bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate release motion. United States v. Van Sickle, No. CR18-0250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases).

Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion.[1] Defendant states that he submitted a written request for compassionate release to the warden. (Docket No. 554 at 1). The Government informs the Court that BOP, however, has no record in its database that Defendant ever submitted

---

[1] The statutory exhaustion requirement is a mandatory, non-jurisdictional claims-processing rule. See United States v. Williams, 829 F. App'x 138, 140 (7th Cir. 2020); United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020); United States v. Springer, 820 F. App'x 788, 791–92 (10th Cir. 2020); United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020); Raia, 954 F.3d at 597.

such a request. Defendant has offered nothing more than his say to demonstrate his exhaustion of administrative remedies. In light of his conviction for fraud and violations of his conditions of release, Defendant's word, without more, is insufficient to satisfy his burden. Van Sickle, 2020 WL 2219496, at *4 (denying compassionate release motion based on COVID-19 where convicted perjurer offered only his word to show he satisfied exhaustion requirement).

Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 554), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his remedies with the BOP.

Signed: April 20, 2021

*/s/ Max O. Cogburn Jr.*
Max O. Cogburn Jr.
United States District Judge